**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4800**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MORGAN LEWIS SPARKS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00073-RLV-DSC-15)

———————

Submitted: November 19, 2015     Decided: November 23, 2015

———————

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Morgan Lewis Sparks pled guilty to conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine, 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and possession of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c) (2012). The district court sentenced Sparks to the mandatory minimum sentence of 120 months' imprisonment on the conspiracy offense and a consecutive 60-month term on the firearm charge. Sparks appeals, challenging his sentence and arguing that trial counsel was ineffective for failing to challenge the drug quantity attributed to him at sentencing. For the reasons that follow, we dismiss the appeal.

Sparks seeks to challenge his sentence, arguing that the evidence was insufficient to support the district court's determination of the drug weight used to compute his base offense level for sentencing. In the plea agreement, Sparks waived his right to appeal his conviction or sentence except in the case of ineffective assistance or prosecutorial misconduct. Because Sparks waived his right to appeal his sentence, we dismiss this portion of his appeal. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010) (upholding validity of appeal waiver if knowingly and voluntarily made).

2

Sparks does not challenge the validity of his appeal waiver, but contends that his challenge falls outside the scope of the waiver. He argues that the sentencing error was due to ineffective assistance of counsel, which is an exception to his waiver. He contends that his attorney provided ineffective assistance by allowing him to plead guilty pursuant to a plea agreement that contained a stipulation of a greater drug quantity than was supported by the evidence and thereby subjecting Sparks to a ten-year mandatory minimum sentence.

Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish that counsel provided ineffective assistance to Sparks, his ineffective assistance challenge may not be raised on direct appeal, and does not therefore afford Sparks the opportunity to appeal the sentencing determination. See Benton, 523 F.3d at 435.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED